**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 96-50900

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

HUMBERTO PENA,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas

---

October 7, 1997

Before JONES, EMILIO M. GARZA and PARKER, Circuit Judges.
ROBERT M. PARKER, Circuit Judge:

Defendant-Appellant Humberto Pena ("Pena") appeals his sentence imposed after revocation of probation. We affirm

FACTS AND PROCEEDINGS BELOW

Pena pleaded guilty in April 1996 to one count of illegal transportation of aliens. Pena's total offense level of 9 and his Category I criminal history score resulted in a guideline imprisonment range of four to ten months. The district court sentenced Pena to a five-year term of probation, with no prison

1

time.  On September 10, 1996, the Government moved to revoke Pena's probation, asserting that Pena, since his sentencing, had been arrested for possession of drug paraphernalia and had twice tested positive for marijuana, cocaine and morphine use.  Pena pleaded true to the charges.  The district court found that the most serious of the charges was a "grade C violation" under the Sentencing Guidelines and that Pena's guideline imprisonment range upon revocation of probation was three to nine months.  *See* U.S.S.G. 1§ 7B1.1(a)(3), 7B1.4(a).  The district court, however, revoked Pena's probation and sentenced him to two years in prison, reasoning that "primarily what this man needs [is] to . . . clean out his body for about two years and see if he can't get the cure."

## DISCUSSION

Pena contends that the district court erred in not sentencing him within the range set forth for probation revocation in Chapter 7 of the Sentencing Guidelines.  This court "will uphold a sentence unless it (1) was imposed in violation of law, (2) resulted from an incorrect application of the guidelines, (3) was outside the guideline range and is unreasonable, or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable." *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996).

If a defendant violates a condition of probation, the district court, after a hearing, may revoke the sentence of probation and resentence the defendant under Subchapter A, the General Provisions section which deals with sentences, found at 18 U.S.C. §§ 3551-

2

3559.  *See* 18 U.S.C. § 3565(c).  Section 3553(a) lists, *inter alia,* the following factors that the court "shall consider" in imposing a sentence:

> (2)   the need for the sentence imposed . . .
>
>> (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (4)  the kinds of sentences and the sentencing range established for . . .
>
>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of Title 28, United States Code;
>
> (5)  any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2) that is in effect on the date the defendant is sentenced[.]

18 U.S.C. § 3553(a).  Implicit consideration of the § 3553(a) factors is sufficient.  *Teran*, 98 F.3d at 836.

However, "[b]ecause there are no applicable guidelines for sentencing after revocation of probation, *see* U.S.S.G., Ch. 7, Pt.A.1 ('At this time, the Commission has chosen to promulgate policy statement only.')," this court will uphold a resentencing following probation revocation "unless it is in violation of law or is plainly unreasonable."  *Teran*, 98 F.3d at 836 (citing *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994)(involving revocation of supervised release)); *see also United States v. Escamilla*, 70 F.3d 835, 835 (5th Cir. 1995)(policy statements in Chapter 7 of the Sentencing Guidelines are not "binding"), *cert. denied*, 116 S. Ct. 1368 (1996).  Pena's arguments that his sentence is a departure

from applicable Guidelines without proper notice and on an invalid basis is foreclosed by *Teran*'s holding that there are no Guidelines promulgated for probation revocation.

Pena argues that our holding in *United States v. Williams*, 961 F.2d 1185 (5th Cir. 1992) prohibits the sentence imposed in this case. In *Williams,* this court held that "when a defendant is being sentenced after the revocation of his probation, the district court may not upward depart from the guidelines range based upon the defendant's conduct occurring after the original sentencing." *Id*. at 1187. The court stated that, although the district court may depart upward from the guideline sentence, it "must do so on the basis of information which was before the court and would have justified a departure at the original sentencing." *Id.* The *Williams* holding is not instructive in the present case because it was based on a previous version of 18 U.S.C. § 3565(a), which provided that the district court may "impose any other sentence that was available under subchapter A at the time of the initial sentencing." *Id.; see* § 3565(a)(2)(1984). The 1994 Amendments to § 3565 substituted "resentence the defendant under subchapter A" for the statutory language under consideration in *Williams*. Pena urges us to follow two of our sister circuits which have held that the amended statute continues to give a district court the authority to resentence a probation violator only within the range of sentences available at the time of the initial sentence. *See United States v. Iversen*, 90 F.3d 1340, 1345 & n.6 (8th Cir. 1996); *United States v. Plunkett*, 94 F.3d 517, 519 (9th Cir. 1996). *Teran*

4

and *Mathena* are at least instructive on the issue of whether this circuit should adopt such a restrictive reading of the current statute. Indeed, *Teran* and *Mathena* could reasonably be read to even foreclose such a reading. We therefore decline to follow the Eighth and Ninth Circuit authority. Because there are no guidelines for sentencing on revocation of probation, and because the district court was not limited to the sentencing range available at the time of the initial sentence, we find no error in the trial court's failure to employ the analysis normally required in departure case. *See Koon v. United States*, ___U.S.___, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996).

We must, however, determine whether the sentence imposed was "plainly unreasonable." *See Teran*, 98 F.3d at 836. Pena characterizes the sentence as unreasonable because it was imposed as a punishment for his status as a drug addict, which is unconstitutional. *See Robinson v. California*, 370 U.S. 660, 667 (1962)(statute criminalizing status of drug addiction unconstitutional). It is undisputed that Pena repeatedly violated the conditions of his probation by using at least different controlled substances. The sentence punishes the violation of the terms of his probation, not his drug addict status. Further, it was undisputed at the revocation hearing that Pena needed in-patient treatment for his drug addiction. The probation officer advised the district court that an intensive 500-hour drug rehabilitation program would be available to Pena while he was serving his sentence with the Bureau of Prisons. The district

5

court specifically included the 500-hour program in its order revoking Pena's probation. Not only was Pena's need for drug rehabilitation an appropriate consideration, it falls within 18 U.S.C. § 3553(a)(2)(D)'s mandate that the court <u>shall</u> consider the need for "medical care or other correctional treatment in the most effective manner." Finally, the twenty-four month term of imprisonment was within the statutory range of punishment for Pena's offense of conviction and was thus clearly legal.

Concluding that Pena's sentence was imposed for an offense for which there is no applicable sentencing guideline and that it is not plainly unreasonable, *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996), we affirm.

AFFIRM.