UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

_____

No. 98-11088
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GRANT CURTIS, also known as Sealed,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(3:93-CR-207-P-ALL)

Auigust 9, 1999

Before EMILIO M. GARZA and PARKER, Circuit Judges, and COBB,[*] District Judge.

PER CURIAM:[**]

Defendant James Curtis appeals the sentence imposed by the district court after he violated the terms of his probation.  We affirm.

I

Curtis pled guilty to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371.  In June of 1994, the district court sentenced him to five years probation.  Although the district court determined that the United States Sentencing Guidelines provided for a sentence of eighteen to twenty-four months imprisonment, it made a downward departure from the Guidelines in light of Curtis's cooperation with the government.  In 1996, a petition to revoke Curtis's probation was filed after he was arrested and indicted for securities fraud violations in New York.  The district court

_____

[*] District Judge of the Eastern District of Texas, sitting by designation.

[**] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

revoked Curtis's probation in 1998 and sentenced him to forty-five months imprisonment.[1]

Curtis appeals this sentence. First, Curtis argues that his sentence violates the *Ex Post Facto* Clause of the United States Constitution. Second, Curtis argues that the district court erred by not applying the eighteen to twenty-four month range determined at his original sentencing. Third, Curtis argues that his sentence is plainly unreasonable. When reviewing a criminal sentence, we review the district court's legal conclusions *de novo*, and we review the district court's findings of fact for clear error. *See United States v. Brooks*, 166 F.3d 723, 726 (5th Cir. 1999).

II

18 U.S.C. § 3565 governs sentencing following probation revocation. This statute was amended in September of 1994, three months after Curtis received his sentence of probation, but well before the district court revoked his probation. *See Byrd v. United States*, 116 F.3d 770, 772 (5th Cir. 1997). The old version of § 3565 authorized the district court to "'impose any other sentence that was available under subchapter A at the time of the initial sentencing.'" *United States v. Pena*, 125 F.3d 285, 287 (5th Cir. 1997) (citing 18 U.S.C. § 3565(a)(2) (1984)), *cert. denied*, ___ U.S. ___, 118 S. Ct. 1527, 140 L. Ed. 2d 678 (1998). The current version of the statute authorizes the district court to "resentence the defendant under subchapter A." 18 U.S.C. § 3565(a)(2) (West Supp. 1999); *Pena*, 125 F.3d at 287.[2] In determining Curtis's sentence after revoking his probation, the district court applied the current version of § 3565. Curtis argues that applying the current version violates the *Ex Post Facto* Clause.

"The application of a criminal law violates the *Ex Post Facto* Clause only if: (1) the law is retrospective, *i.e.*, it applies to events occurring before its enactment, and (2) the law disadvantages the offender affected by it." *Byrd*, 116 F.3d at 772. In *United States v. A Female Juvenile*, 103 F.3d 14 (5th Cir. 1996), the defendant challenged the district court's application of the current version of

---

[1] This sentence is to be served consecutively to the fifty-one month sentence imposed by a federal court in New York, following Curtis's guilty plea to three counts of the 1996 indictment.

[2] In both versions, subchapter A refers to 18 U.S.C. §§ 3551-3559. *See Pena*, 125 F.3d at 286-87.

§ 3565 under the *Ex Post Facto* Clause.  There, as here, the district court placed the defendant on probation before the 1994 amendments to § 3565.  *See id.* at 15.  There, as here, the district court revoked probation based on conduct committed after the 1994 amendments.  *See id.*  In *Female Juvenile*, we rejected the defendant's *Ex Post Facto* argument, on the grounds that "[t]he acts which exposed the defendant to resentencing under § 3565 occurred after the amendment."  *Id.* at 17 n.7.  Likewise, the conduct based on which the district court revoked Curtis's probation continued after the 1994 amendments to § 3565 became effective.[3]  Accordingly, applying the current version of § 3565 does not violate the *Ex Post Facto* Clause.

## III

Curtis also argues that the district court erred by not sentencing him according to the original Guideline range of eighteen to twenty-four months, which was set at his initial sentencing in 1994.  However, "there are no applicable [G]uidelines for sentencing after revocation of probation."  *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996); *see also* U.S.S.G. Ch.7. Pt.A intro. comment.  Indeed, Curtis's argument is directly contradicted by our opinion in *United States v. Pena*.  There, the defendant argued that we erred by failing to apply the original Guideline range after revoking the defendant's probation.  *Pena*, 125 F.3d at 287.  We determined that under the current version of § 3565, "the district court was not limited to the sentencing range available at the time of the initial sentence."  *Id.*  Accordingly, the district court did not err by refusing to sentence Curtis under the original Guideline range.

## IV

Finally, Curtis argues that his sentence is plainly unreasonable.  Even where, as here, a district

---

[3] At oral argument, Curtis argued that the district court did not make a finding of fact that Curtis committed any criminal acts after the 1994 amendments to § 3565 became effective.  However, the district court stated at the sentencing hearing: "I'll find that the allegations contained in the Government's petition for offender under supervision are true."  In the petition to which the district court refers, the Government alleges that Curtis committed criminal acts on twenty-seven different dates, all but one of which are after the 1994 amendments to § 3565 became effective.  Therefore, the district court accepted as true the Government's contention that Curtis committed criminal acts while the current version of § 3565 was in force.

court's sentencing decision is not constrained by the Sentencing Guidelines, we may still overturn a sentence if it is "plainly unreasonable." *Teran*, 98 F.3d at 836 ("Because there are no applicable guidelines for sentencing after revocation of probation, we will uphold Teran's revocation and sentence unless it is in violation of law or is plainly unreasonable."). However, Curtis cites no authority that his sentence is plainly unreasonable. To t he contrary, we have held that a sentence handed down subsequent to revocation of probation was not unreasonable where the sentence "was within the statutory range of punishment for [the defendant's] offense of conviction." *Pena*, 125 F.3d at 288. Likewise, the 45-month sentence handed down by the district court was within the statutory range of punishment for Pena's offense of conspiracy to commit bank fraud. *See* 18 U.S.C. § 371 (providing for maximum sentence of five years). Accordingly, we find that the sentence handed down by the district court is not "plainly unreasonable."

V

For these reasons we AFFIRM the sentence imposed by the district court.