IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40102
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON OMAR ALVARADO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-98-194-01
- - - - - - - - - -

August 27, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ramon Omar Alvarado appeals as excessive the sentence imposed by the district court upon the revocation of his terms of probation and supervised release.  He first contends that, in determining his sentence, the district court failed to consider adequately the factors set forth in 18 U.S.C. § 3553(a).  He also argues that the district court erroneously believed that it was required to sentence him within the guideline range available at

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the time of his initial sentencing.  Lastly, he contends that his sentence is plainly unreasonable.

Because there are no applicable guidelines for sentencing after revocation of probation, see U.S.S.G. Ch. 7, Pt. A., 1, this court will uphold Alvarado's sentence unless it is in violation of law or is plainly unreasonable.  See United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996).

Section 3553(a) directs the district court to consider various factors when determining the appropriate sentence upon revoking a defendant's term of probation.  These include, inter alia, (1) the nature and circumstance of the offense, and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the crime; (3) the kinds of sentences available; (4) the types of sentences and the sentencing range established for the offense; and (5) the applicable policy statements issued by the Sentencing Commission. See Teran, 98 F.3d at 836.

The district court expressly considered each of the preceding factors in determining Alvarado's sentence.  It weighed the guideline range for the original offense, the applicable policy statements, Alvarado's storied history as a drug dealer, and the need for a prolonged term of imprisonment to deter Alvarado's recidivist tendencies.  Moreover, because the sentence imposed was within the statutory range of punishment, it was not plainly unreasonable.  See United States v. Pena, 125 F.3d 285, 286 (5th Cir. 1997).

Alvarado's argument that the district court erroneously

believed itself constrained to the guideline range available at the time of Alvarado's original sentencing is frivolous. Even if it is assumed that the district court believed itself to be so limited upon resentencing, see Pena, 125 F.3d at 287 (after revoking probation, district court is not limited to the "range of sentences available at the time of the initial sentence"), he has identified no injury resulting from this misconception. Accordingly, his sentence is

AFFIRMED.