IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20939
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDALL LEROY MYERS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-98-ALL
- - - - - - - - - -

September 17, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Randall Leroy Myers appeals the district court's order revoking his term of supervised release and imposing a 24-month prison sentence. Myers, who was convicted of three counts of interstate transmission of threatening communications in 1995, was charged with violating the conditions of his supervised release in 1998 by making additional threatening communications and by failing to attend mental-health counseling sessions as directed by his probation officer.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Myers contends that the district court erred in failing to hold a hearing on his mental competency to proceed with the revocation proceeding and in determining that he was mentally competent.  The court did not err in failing to hold a competency hearing before proceeding with the revocation hearing because Myers failed at that time to establish "reasonable cause to believe" that he was "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he [was] unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." See 18 U.S.C. § 4241(a).  The district court's determination at the conclusion of the revocation hearing that Myers was competent was not "clearly arbitrary and unwarranted."  See United States v. Doke, 171 F.3d 240, 247 (5th Cir. 1999), petition for cert. filed (July 22, 1999, No. 99-5486).

Myers argues that the district court erred in revoking his supervised release because there was not sufficient evidence to support such revocation.  The evidence overwhelmingly established that Myers had violated the supervised-release condition requiring him to attend regular mental-health counseling sessions.  The district court may have improperly relied on hearsay evidence in concluding that Myers had made additional threatening communications.  However, because Myers did not object to the admission of such evidence, the "plain error" standard applies, and Myers has not shown that the district court's conclusion about this evidence violated his substantial rights.  See United States v. Alaniz-Alaniz, 38 F.3d 788, 791-92

(5th Cir. 1994); United States v. Castillo, 179 F.3d 321, 326 (5th Cir. 1999).  Myers has also not shown plain error as to his claims that the district court violated his Confrontation Clause rights by relying on hearsay, written statements and by failing to issue written findings regarding the evidence supporting the revocation of his supervised release.  See United States v. McCormick, 54 F.3d 214, 220 (5th Cir. 1995).

Myers raises several challenges to his sentence, all of which are set forth for the first time on appeal.  He has not shown that the district court abused its discretion in ordering the revocation of his supervised release.  The district court did not commit plain error in failing to consider suggested guideline imprisonment ranges in U.S.S.G. § 7B1.4(a), p.s., because the court was not bound by such ranges.  See United States v. Giddings, 37 F.3d 1091, 1093 (5th Cir. 1993).  Similarly, the court did not commit plain error by failing to explicitly consider the factors listed in 18 U.S.C. § 3553(a) before imposing sentence, because such consideration was implicit in the reasons stated by the court.  See United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996).  Finally, the 24-month prison term was not "plainly unreasonable," because the sentence was based on Myers' multiple violations of the conditions of supervised release and on Myers' need for "medical care or other correctional treatment in the most effective manner."  See United States v. Pena, 125 F.3d 285, 288 (5th Cir. 1997), cert. denied, 118 S. Ct. 1527 (1998); 18 U.S.C. § 3553(a)(2)(D).

AFFIRMED.