# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-41077
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WISE WARREN;  JOHN ROBINSON, III; DEMETRICK LEON SMITH,

Defendants-Appellants.

--------------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CR-157-4
--------------------------------------------------------------
February 21, 2000

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges:

PER CURIAM:[*]

John Wise Warren (Warren), John Robinson, III (Robinson), Demetrick Leon Smith (Smith), and four others were named in six-count indictment.  For the purposes of this appeal, only the counts involving Warren, Robinson, and Smith are relevant.  Count one charged Warren, Robinson, and Smith with conspiracy to distribute and possess with intent to distribute crack cocaine.  Count two charged Robinson and Smith with possession with intent to distribute crack cocaine.  Count three charged Warren and Smith with possession with intent to distribute crack cocaine.  The jury found each of the three guilty of the respective charges against them.

All three defendants challenge the sufficiency of the evidence supporting their respective convictions.  We "review sufficiency of the evidence supporting a criminal conviction to determine whether a reasonable jury could find the defendant guilty beyond a reasonable doubt.  The evidence

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is viewed most favorably to the government, drawing all reasonable inferences and credibility choices in favor of supporting the jury's verdict." United States v. Pineda-Ortuno, 952 F.2d 98, 102 (5th Cir. 1992) (citations omitted).

Contrary to the arguments of all three defendants, the government successfully proved each one's involvement in the drug conspiracy. The government proved beyond a reasonable doubt that there existed an agreement to violate the narcotics laws, that each defendant knew of the agreement, and that each voluntarily participated in it. United States v. Maltos, 985 F.2d 743, 746 (5th Cir. 1992).

The government also produced sufficient evidence to prove that Warren, Robinson, and Smith all had the knowing possession of a controlled substance with the intent to distribute it. United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996).

Smith also asserts that his life sentence is cruel and unusual punishment. This court will "uphold a sentence unless it (1) was imposed in violation of law, (2) resulted from incorrect application of the guidelines, (3) was outside the guideline range and is unreasonable, or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable." United States v. Peña, 125 F.3d 285, 286 (5th Cir. 1997) (quotation and citation omitted), cert. denied, 118 S. Ct. 1527 (1998). As Smith has not shown that any of these four conditions exist, he has not shown reversible error. AFFIRMED.