IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11135
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CHARLES N. JACKSON,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-124-1-A
- - - - - - - - - -
August 6, 2001

Before JOLLY, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Charles N. Jackson appeals the 23-month term of imprisonment
imposed upon revocation of his supervised release.  He argues
that the sentence is plainly unreasonable because, in light of
his original sentence of only 19 months[**], and his successful
participation in his current drug rehabilitation program, the
district court should not have departed upward from the guideline
range of 12 to 18 months.

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

     [**] The judgment of conviction indicates a sentence of 18
months' imprisonment.

This court will uphold a sentence unless it (1) was imposed in violation of law, (2) resulted from an incorrect application of the guidelines, (3) was outside the guideline range and is unreasonable, or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.  United States v. Giddings, 37 F.3d 1091, 1093 (5th Cir. 1994).  Contrary to Jackson's assertion, there is no applicable guideline for sentencing after revocation of supervised release, and this court will uphold Jackson's sentence unless it is in violation of law or is plainly unreasonable. Id.; United States v. Pena, 125 F.3d 285, 287 (5th Cir. 1997). The statutory maximum term of imprisonment upon revocation of Jackson's supervised release was two years.  18 U.S.C. §§ 2113(b), 3559(a)(3), 3583(g)(1), (e)(3).

Jackson's case is not materially distinguishable from Giddings and Pena, and it is within the statutory range of imprisonment.  Jackson has failed to demonstrate that his 23-months sentence is plainly unreasonable.

AFFIRMED.