IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50820
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP ARELLANO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CR-269-ALL-SS
--------------------
February 6, 2002

Before DUHÉ, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Phillip Arellano appeals the thirty-month sentence that he received upon revocation of his supervised release term. Because there are no applicable guidelines for sentencing after revocation of probation, see U.S.S.G. Ch. 7, Pt. A., 1, this court will uphold Arellano's sentence unless it is in violation of law or plainly unreasonable. See United States v. Pena, 125 F.3d 285, 287 (5th Cir. 1997).

Arellano first asserts that his sentence was unreasonably excessive because it exceeded the proposed guideline sentence

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range.  As the guidelines for supervised release are recommendations only, the court has broad discretion to impose a term of imprisonment that was not limited by the recommended guideline range.  Pena, 125 F.3d at 287.

Arellano also contends that sentence must be vacated because the court failed to consider the facts set forth in 18 U.S.C. § 3553(a).  "Implicit consideration of the [18 U.S.C.] § 3553 factors is sufficient."  United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996).  The court implicitly considered the relevant factors in imposing Arellano's sentence.

Arellano maintains that the sentence was plainly unreasonable. Because the sentence imposed was within the statutory range of punishment, it was not plainly unreasonable.  See Pena, 125 F.3d at 286.

Arellano also asserts that the district court erred in sentencing him to more than 24 months' imprisonment under Apprendi v. New Jersey, 530 U.S. 466 (2000).  He asserts that because the indictment did not allege a drug quantity, his original offense was in fact a Class C felony, requiring a maximum term of imprisonment of two years upon revocation of supervised release under 18 U.S.C. § 3583(e)(3).  As Arellano has not challenged the validity of his indictment, either on direct appeal or through collateral review, he cannot do so now.  See United States v. Moody, ___ F.3d ___, 2001 WL 1643920 at *1 (5th Cir. Dec. 21, 2001)(No. 00-51242). Moreover, as 18 U.S.C. § 3583(e)(3) requires the district court to consider the statute under which the original sentence was imposed

2

for determining the sentencing under supervised release, the thirty-month sentence received by Arellano was appropriate. <u>Moody</u>, 2001 WL 1643920 at *1. Consequently, Arellano's sentence is AFFIRMED.