United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 02-30988
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OCIE LEE PICKENS, JR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CR-20007-10
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Ocie Lee Pickens, Jr., appeals from the district court's

imposition of a 36-month sentence of imprisonment following the

revocation of Pickens's supervised release.  Pickens contends

that the sentence is plainly unreasonable under all the

circumstances.  He notes that his violations consist solely of

Grade C violations, and that the range of imprisonment

recommended by the Sentencing Guidelines is seven to thirteen

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

months.  He contends that his conduct on supervised release took a downward turn when he returned to Oakdale, Louisiana at the insistence of his probation officer.

Pickens's sentence was not plainly unreasonable given that it fell within the statutory maximum and was based on the district court's determination that Pickens is in need of comprehensive drug rehabilitation during incarceration. See United States v. Pena, 125 F.3d 285, 286, 288 (5th Cir. 1997) (upholding 24-month sentence for Grade C violations, where imprisonment range under the Sentencing Guidelines was three to nine months).  The district court's consideration of Pickens's need for drug rehabilitation during incarceration also falls within 18 U.S.C. § 3553(a)(2)(D), which requires the district court to consider the need for "medical care, or other correctional treatment in the most effective manner."  Further, by taking into account the needs of the people of Oakdale, and the young people in Pickens's family, the district court also properly considered the need to protect the public from further crimes of the defendant.  See 18 U.S.C. § 3553(a)(2)(C).

Because Pickens has failed to show that the sentence imposed is plainly unreasonable, the judgment of the district court is AFFIRMED.