United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50442
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD DONOVAN CORNELISON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CR-118-1
---------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Edward Donovan Cornelison appeals his sentence following the

revocation of his supervised release.  His sole contention is

that the district court erred when it did not sentence him to the

low end of the Guideline range.

With respect to imprisonment after violation of supervised

release, the Guidelines Manual sets forth "policy statements

only."  See Guidelines Manual, Chapter 7, Pt. A, ¶ 1.  Thus, this

court will uphold Cornelison's sentence unless it is in violation

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of law or plainly unreasonable. <u>United States v. Pena</u>, 125 F.3d 285, 287 (5th Cir. 1997). The argument that a sentence promulgated after probation revocation is in error because it is not at the low end of the Guideline range is foreclosed by our holding in <u>United States v. Teran</u>, 98 F.3d 831, 836 (5th Cir. 1996), in which we held that there are no applicable Guidelines for sentencing after revocation of probation. <u>See</u> <u>Pena</u>, 125 F.3d at 287.

The district court implicitly considered the factors set forth in 18 U.S.C. § 3553(a). <u>See</u> <u>Pena</u>, 125 F.3d at 286-87. Additionally, Cornelison's original offense, possession with intent to distribute amphetamine in violation of 21 U.S.C. § 841(a)(1), is a Class C felony. 18 U.S.C. § 3559(a)(3); 21 U.S.C. § 841(b)(1)(C). A defendant whose supervised release term is revoked may not be required to serve more than two years in prison if the charge that resulted in the term of supervised release is a Class C felony. 18 U.S.C. § 3583(e)(3). Thus, the 24-month sentence did not exceed the maximum provided by statute and was therefore legal. <u>See</u> <u>Pena</u>, 125 F.3d at 288.

AFFIRMED.