United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10968
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROCKY SHANE GREEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:04-CR-52-ALL-C
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rocky Shane Green has appealed the 18-month term of imprisonment imposed on revocation of his probation.  Green contends that he should have been sentenced within the guideline-imprisonment range for the original offense of conviction, that is six to 12 months.  Green concedes that the issue should be reviewed for plain error.  In United States v. Pena, 125 F.3d 285, 287 (5th Cir. 1997), we held that, upon revocation of probation, the sentencing court is "not limited to the sentencing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

range available at the time of the initial sentence." Any error by the district court could not have been "clear or obvious" in light of <u>Pena</u>. See <u>United States v. Olano</u>, 507 U.S. 725, 731-37 (1993); <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Green contends that his sentence was imposed illegally, in light of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because he was sentenced to a term of imprisonment exceeding the term to which he was originally exposed based on the district court's finding that he had violated a condition of his probation. Green concedes that this court's review is for plain error. Green cannot show that the district court erred.

In <u>Blakely</u>, the Supreme Court held that the Sixth Amendment prohibits state sentences greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303 (emphasis omitted). The rule in <u>Blakely</u> was extended to the Federal Sentencing Guidelines in <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005). In <u>Booker</u>, the Supreme Court held that the mandatory system of enhancements established by the United States Sentencing Guidelines violated the Sixth Amendment. 125 S. Ct. at 749-50.

The policy statements applicable to probation revocations are advisory only and do not contravene the rule in <u>Booker</u> or the

Sixth Amendment.  See United States v. Hinson, 429 F.3d 114, 117 (5th Cir. 2005) (supervised release case); Pena, 125 F.3d at 287. Although the sentence exceeded the guideline range, see U.S.S.G. § 7B1.4(a), it was within the statutory maximum of 20 years for the offense of conviction.  See Pena, 125 F.3d at 288.  The district court stated that it wished to provide Green with an opportunity to participate in a comprehensive substance abuse treatment program provided by the Federal Bureau of Prisons.  See id. at 287-88.  The sentence was neither unreasonable nor plainly unreasonable and was not imposed in violation of law.  See id.; see also Hinson, 429 F.3d at 119-20.  The judgment is

AFFIRMED.