# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 5, 2010

Lyle W. Cayce
Clerk

No. 09-40855

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARYANN MARTINEZ-SALDIVAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-410-1

Before JONES, Chief Judge, and REAVLEY and HAYNES, Circuit Judges.

PER CURIAM:[*]

Maryann Martinez-Saldivar appeals her sentence imposed upon revocation of her probation. She contends that the district court violated 18 U.S.C. § 3582(a) by considering her medical and psychological needs as a basis for imposing an above-guidelines term of 18 months of imprisonment. Because Martinez-Saldivar did not raise this issue in the district court, the plain error standard of review is applicable. *See United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To show plain error, the appellant must show (1) a forfeited error (2) that is clear or obvious and (3) that affects her substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* A legal error is not clear or obvious if it is subject to reasonable dispute. *See United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1544 (2010). We need not decide whether the district court violated § 3582(a) because any such error would not have been clear or obvious. *See United States v. Peltier*, 505 F.3d 389, 393 (5th Cir. 2007); *United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997); *United States v. Giddings*, 37 F.3d 1091, 1094-97 (5th Cir. 1994); *see also United States v. Ellis*, 564 F.3d 370, 378 (5th Cir.), *cert. denied*, 130 S. Ct. 371 (2009).

Accordingly, the judgment of the district court is AFFIRMED.