# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2011

No. 10-50989
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROXI ELIZABETH LOPEZ-GOMES, also known as Roxi Lopez-Gomez, also known as Roxi Elizabeth Lopes-Gomes,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-75-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Roxi Elizabeth Lopez-Gomes (Lopez) appeals the 12-month sentence imposed by the district court following the revocation of her supervised release. Lopez argues that the term of imprisonment was outside of the advisory guidelines range of three to nine months and was unreasonable in light of her motive for reentry, which was to reunite with her children.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50989

This court recently determined that revocation sentences are ordinarily reviewed under a "plainly unreasonable standard." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). We review Lopez's sentence, however, for plain error because she failed to object to her sentence in the district court. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

Because the 12-month sentence Lopez received on revocation is not greater than the term authorized by statute, it is "clearly legal." *United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997). We have consistently upheld revocation sentences exceeding the guidelines range but not exceeding the statutory maximum. *See, e.g., Whitelaw*, 580 F.3d at 265; *United States v. Jones*, 484 F.3d 783, 791-93 (5th Cir. 2007). Lopez essentially asks this court to substitute her view of what an appropriate sentence would be based upon her motive for reentering the United States for that of the district court, which we will not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Lopez has not shown plain error. *See Puckett v. United States*,129 S. Ct. 1423, 1429 (2009).

AFFIRMED.