**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2011

Lyle W. Cayce
Clerk

No. 10-51172
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS JOSE LOPEZ-MARTINEZ, also known as Jesus Najera-Dominguez, also known as Richard Castillo Montano,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:99-CR-1514-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jesus Jose Lopez-Martinez appeals the 21-month sentence he received upon revocation of his supervised release. He urges that the sentence, which was at the low end of the applicable guidelines range, was unreasonable.

This court reviews revocation sentences to determine if they are plainly unreasonable. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), *petition for cert. filed* (U.S. May 27, 2011) (No. 10-10784). However, because Lopez-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez failed to object in the district court to the reasonableness of his sentence, review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009). Lopez-Martinez challenges the plainly unreasonable standard of review and the application of plain error review to his case, although he concedes the issues are foreclosed in this circuit.

As his 2000 illegal reentry conviction resulted in a 77-month sentence, Lopez-Martinez contends that he had already been punished enough for that offense, including any violation of the supervised release imposed in connection with it. Other mitigating factors Lopez-Martinez urges the court to consider are his age, 51, and his sincerity about not intending to return again. Lopez-Martinez does not contend that the advisory guidelines range was improperly calculated.

Because the 21-month sentence Lopez-Martinez received on revocation is not greater than the term authorized by statute, it is "clearly legal." *United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997). Lopez-Martinez has not shown plain error with respect to his argument that his 21-month sentence is unreasonable. *See Puckett v. United States*, 556 U.S. 129, 129 S.Ct. 1423, 1429 (2009).

The judgment of the district court is AFFIRMED. The Government's motion for summary affirmance is GRANTED IN PART as to the issues in which relief is foreclosed by circuit precedent and DENIED IN PART as to the issue of the reasonableness of Lopez-Martinez's revocation sentence. However, no further briefing is required, and the Government's motion for an extension of time to file a brief is DENIED.