**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 9, 2012

Lyle W. Cayce
Clerk

No. 11-60777
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERWIN BERNARD TAYLOR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:09-CR-86-1

Before CLEMENT, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Erwin Bernard Taylor appeals the 60-month sentence imposed upon his revocation of probation for his conviction of being an unlawful user of a controlled substance in knowing possession of a firearm. Taylor argues that his sentence is unreasonable because the district court's selection of sentence was based upon an unadjudicated state felony; Taylor asserts that the district court violated the prohibition against considering a defendant's bare arrest record as a basis to impose a specific sentence. He also argues that the district court failed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to provide adequate reasons for the sentence and that the extent of deviation from the recommended guidelines range was excessive.

Taylor did not raise any of his appellate arguments in the district court. Thus, review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010) (applying plain error in the revocation context). To show plain error, Taylor must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett*, 556 U.S. at 135. If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

We have held that a district court may not consider a defendant's prior arrests when imposing a sentence *unless* sufficient evidence corroborates the reliability of the arrests. *United States v. Johnson*, 648 F.3d 273, 276-77 (5th Cir. 2011). We emphasized that this requirement "comports with the due process requirement that sentencing facts must be established by a preponderance of the evidence." *Id.* at 278 (citations omitted). In the context of a revocation of supervised release, a district court must find, by a preponderance of the evidence, that the defendant violated a condition of release. *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010) (citation omitted). At sentencing, Taylor (1) admitted that he had used illegal drugs, (2) admitted that he failed to notify his probation officer within 72 hours of contact with law enforcement, and (3) conceded that there was a sufficient factual basis to revoke his probation on the basis that he committed an unadjudicated state felony. Moreover, Taylor agreed that these concessions established the violations of supervised release by a preponderance of the evidence. Accordingly, the district court properly considered Taylor's unadjudicated state felony because Taylor's concession corroborated its reliability.

Taylor's contention that his sentence is unreasonable because the district court did not provide sufficient reasons for the sentence is also unavailing. The

record shows that the district court considered the Chapter 7 policy statements, implicitly considered relevant sentencing factors under 18 U.S.C. § 3553(a) (e.g., the nature and circumstances of Taylor's probation violations, his personal history and characteristics, and the need to afford adequate deterrence), and articulated a general basis for its decision to impose a sentence above the recommended guidelines range:  Taylor's violation of the trust placed in him by the district court, which granted him leniency at the initial sentencing. Although the district court committed clear or obvious error by failing to provide adequate reasons for the specific sentence that it imposed, we find more than enough basis for the 60-month sentence on the face of this record.  Given that his sentence, while above the guidelines range, is within the statutory maximum for his original offense, and that the district court implicitly considered relevant sentencing factors and generally explained its upward deviation, Taylor has not shown a reasonable probability that, but for the district court's failure to explain its sentencing decision, he would have received a lesser sentence.  Thus, he has not shown that the error affected his substantial rights.  *United States v. Whitelaw*, 580 F.3d 259-60, 261-64 (5th Cir. 2009); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Finally, the extent to which the district court deviated from the advisory guidelines range was not erroneous. While Taylor's 60-month sentence exceeded the recommended guidelines range of 12 to 18 months of imprisonment, it was within the 10-year statutory maximum for his original offense of conviction, which the district court was authorized to impose.  *See* 18 U.S.C. §§ 922(g)(3), 924(a)(2), 3565(a); *United States v. Pena,* 125 F.3d 285, 287 (5th Cir. 1997). This court has routinely upheld sentences following revocation that, as here, exceed the guidelines range but are within the statutory maximum.  *See Whitelaw*, 580 F.3d at 265.  Thus, Taylor has not shown plain error as to this issue.

Accordingly, the judgment of the district court is AFFIRMED.