**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2013

Lyle W. Cayce
Clerk

No. 12-60417
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN WILLIAM EMORY, III,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:05-CR-164-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

John William Emory, III, appeals the five-year prison term imposed upon revocation of the probation sentence he received following his 2011 conviction for wire fraud. He argues that his revocation sentence is well above the recommended range of 4 to 10 months and unreasonable under the circumstances.

The district court's sentencing decision was not plainly unreasonable. *See United States v. Kippers*, 685 F.3d 491, 496 (5th Cir. 2012). Before pronouncing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60417

Emory's sentence, the district court expressly considered the policy statements in Chapter Seven of the Guidelines Manual promulgated by the United States Sentencing Commission, the applicable policy statement range under § 7B1.4(a), the maximum statutory sentence that Emory faced, and the appropriate sentencing factors, particularly the need for the sentence imposed to reflect the seriousness of the offense and to protect the public. The court then elected to impose a five-year prison term, the maximum statutory sentence allowed, after finding, inter alia, that Emory had victimized many people, violated multiple conditions of his release, showed a lack of remorse, and was granted leniency when his probation was not revoked after the filing of an earlier revocation petition.

While Emory's sentence exceeded the applicable policy statement range, it was within the statutory maximum he faced. *See* 18 U.S.C. § 3565(a)(2); *United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997). This court has routinely upheld such sentences. *See United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009). Accordingly, the judgment of the district court is AFFIRMED.