# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50464
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

EMIGDIO GUADALUPE OTERO-MENDEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-47-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Emigdio Guadalupe Otero-Mendez appeals the sentence imposed following the revocation of his one-year term of probation for transporting illegal aliens. The district court sentenced him to serve 10 months in prison, which was ordered to run consecutively to the sentence imposed for Otero-Mendez's new illegal reentry offense. On appeal, Otero-Mendez argues that the consecutive 10-month within-policy-guidelines revocation sentence was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50464

substantively unreasonable because it was greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a) and because it served as punishment for the new offenses that he had committed.

We review revocation sentences under 18 U.S.C. § 3742(a)(4)'s "plainly unreasonable" standard. *United States v. Kippers*, 685 F.3d 491, 496-97 (5th Cir. 2012). Because the 10-month revocation sentence did not exceed the 10-year statutory maximum term of imprisonment and was within the applicable policy range of 4-10 months, it was a legal sentence. *See* 8 U.S.C. § 1324(a)(1)(B)(i); 18 U.S.C. § 3565(a)(2); U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 7B1.4, p.s. (2011); *United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997). The district court exercised its discretion to order that the revocation sentence be served consecutively to the 46-month sentence for the new illegal reentry conviction. *See* 18 U.S.C. § 3584; U.S.S.G. § 5G1.3(c), p.s. & cmt. n.3(C). Because the sentence fell within the statutory range and was in keeping with the Guidelines' advice regarding concurrent or consecutive sentences, it is entitled to a presumption of reasonableness. *See United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006). Otero-Mendez's disagreement with the district court's weighing of the § 3553(a) factors does not demonstrate that the sentence imposed was plainly unreasonable. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *Kippers*, 685 F.3d at 496-97. Consequently, the judgment of the district court is AFFIRMED.