# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50525
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ROBERTO DAVILA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-20-2

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

The district court found that Jose Roberto Davila violated conditions of his supervised release, then sentenced him to two consecutive 24-month terms of imprisonment, for a total of 48 months. Davila argues that his above-guidelines revocation sentence is substantively unreasonable because it substantially exceeds the advisory guidelines range and because requiring him

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to serve consecutive prison sentences for a single violation of supervised release makes his sentence multiplicitous.

Typically, we review revocation sentences under the "plainly unreasonable" standard of 18 U.S.C. § 3742(a)(4). *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). However, because Davila did not object to the substantive reasonableness of his sentence following its imposition, we review for plain error. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009). To establish plain error, Davila must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Davila makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Davila's assertions do not satisfy this standard. The court was revoking supervised release for the third time. The 24-month sentence for each supervised release term was within the statutory maximum and therefore was a legal sentence. *See United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997). We have routinely upheld revocation sentences exceeding the recommended range, even when the sentence imposed is the statutory maximum. *See United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009) (upholding a 36-month sentence where the recommended guidelines range was 4-10 months). Although Davila argues that the consecutive sentences were multiplicitous, the district court had the statutory authority to impose consecutive sentences upon revocation of concurrent terms of supervised release. *United States v. Gonzalez*, 250 F.3d 923, 927-29 (5th Cir. 2001).

None of Davila's arguments show a clear or obvious sentencing error that affected his substantial rights. *See Puckett*, 556 U.S. at 135. Consequently, the judgment of the district court is AFFIRMED.