# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40621
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIKA MARICELA VITELA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-741-2

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Erika Maricela Vitela appeals the four, concurrent 18-month prison sentences imposed upon revocation of the terms of probation she received following her convictions on one count of conspiracy to transport an undocumented alien within the United States for commercial advantage or private financial gain and three counts of transporting an undocumented alien for commercial advantage or private financial gain.  On appeal, Vitela argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40621

that the district court abused its discretion by failing to take the recommended sentencing range of three to ninth months into account and by imposing sentences that were greater than necessary to meet the goals of 18 U.S.C. § 3553(a). She further contends that the district court did not give adequate weight to the mitigating factors and arguments that she presented during the revocation hearing.

The district court's sentencing decision was not plainly unreasonable. *See United States v. Kippers*, 685 F.3d 491, 496 (5th Cir. 2012). Before pronouncing Vitela's sentences, the district court expressly considered the applicable policy statement range under Chapter Seven of the Guidelines Manual promulgated by the United States Sentencing Commission, the maximum statutory sentence that Vitela faced, and Vitela's arguments in favor of leniency. While Vitela's sentences exceeded the applicable policy statement range, they were within the statutory maximum term that she faced. *See* 18 U.S.C. § 3565(a); *United States v. Pena*, 125 F.3d 285, 287-88 (5th Cir. 1997). We have routinely upheld such sentences. *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009). Accordingly, the judgment of the district court is AFFIRMED.