# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50118
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 25, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TAMATHA BUCKHOLT, also known as Tammy Lynette Buckholt, also known as Tammy L. Buckholt, also known as Tammy Lynnette Buckholt, also known as T. Buckholt,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CR-536-6

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tamatha Buckholt pleaded guilty to conspiracy to commit mail fraud to defraud financial institutions and mortgage companies, in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1349, and was sentenced to two years of probation. Two motions to revoke her probation were filed, and she was sentenced to additional terms of probation. At her third revocation hearing,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court revoked her probation and sentenced her to 10 years of imprisonment, just below her original guidelines imprisonment range. This appeal followed.

Buckholt now argues that her revocation sentence was procedurally and substantively unreasonable. The record demonstrates that the district court considered the Chapter 7 policy statements, implicitly considered relevant sentencing factors (e.g., the nature and circumstances of Buckholt's probation violations, her personal history and characteristics, and the need to afford adequate deterrence and provide needed correctional treatment), and articulated a general basis for its decision to impose a sentence above the recommended range. *See United States v. Pena,* 125 F.3d 285, 287 (5th Cir. 1997); *United States v. Teran,* 98 F.3d 831, 836 (5th Cir. 1996). Further, Buckholt cannot demonstrate that any purported error affected her substantial rights because she has not demonstrated "a reasonable probability that, but for the district court's error, [she] would have received a lesser sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

As to substantive reasonableness, the district court relied on appropriate sentencing factors in determining that a 10-year sentence was warranted, as it addressed the nature and circumstances of Buckholt's probation violation, her history and characteristics, and the need to deter her from future criminal activity and provide her with needed correctional treatment. *See* 18 U.S.C. § 3553(a); *United States v. Smith,* 440 F.3d 704, 707-08 (5th Cir. 2006). Contrary to Buckholt's assertions, the record demonstrates that the district court considered her assistance to the Government. Further, the court could have determined that the previous motions to revoke probation had not deterred her from violating probation and committing additional offenses. Accordingly, Buckholt fails to demonstrate an abuse of the district court's wide

No. 19-50118

sentencing discretion. *See United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

The judgment of the district court is AFFIRMED.