# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50692
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROMEO MALDONADO, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-256-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Romeo Maldonado, Jr., appeals the 36-month prison term imposed upon revocation of his probation. He contends that the district court imposed a retributive sentence based on impermissible sentencing factors and that the sentence is substantively unreasonable. He also challenges the district court's order that the federal sentence run consecutively to any "sentence imposed in any pending state charges out of Ector County, Texas." We disagree and affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50692

The district court's sentencing decision was not plainly unreasonable. *See United States v. Kippers*, 685 F.3d 491, 496-97 (5th Cir. 2012). While Maldonado is correct that the district court emphasized his violations of and disregard for the conditions of his probation when it imposed the sentence, these considerations were not made in error. *See* 18 U.S.C. § 3565(a); 18 U.S.C. § 3553(a)(2)(A); *Kippers*, 685 F.3d at 497-98 & n.4. Regarding the substantive reasonableness of the sentence imposed, before pronouncing Maldonado's sentence, the district court expressly considered the applicable policy statement range under Chapter Seven of the Guidelines Manual, the maximum statutory sentence that Maldonado faced, and Maldonado's arguments in favor of leniency. While the 36-month sentence exceeded the applicable policy statement range, it was within the statutory maximum term that he faced. *See* § 3565(a); 18 U.S.C. § 1709; *United States v. Pena*, 125 F.3d 285, 287-88 (5th Cir. 1997). We have routinely upheld such sentences. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

Turning to Maldonado's second issue on appeal, we have held that a district court's authority to impose a consecutive sentence under 18 U.S.C. § 3584(a) includes the authority to order that a federal sentence run consecutively to a not-yet-imposed state sentence. *United States v. Brown*, 920 F.2d 1212, 1216-17 (5th Cir. 1991), *abrogation on other grounds recognized by United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006). Maldonado concedes that his challenge to the consecutive nature of his sentence is foreclosed, but he asks us to review our prior holdings. One panel of our court may not overrule the decision of a prior panel "absent an intervening change in the law, such as a statutory amendment or a decision from either the Supreme Court or our en banc court." *Thompson v. Dallas City Att'y's Office*,

No. 19-50692

913 F.3d 464, 467 (5th Cir. 2019). Accordingly, Maldonado's argument is foreclosed by our holding in *Brown*.

AFFIRMED.