**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 24, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30099
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

RITA RUSSELL CLOUD,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
No. 2:04-CR-20063
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rita Cloud appeals the judgment of revocation of her probation
following her conviction of embezzlement of labor funds by a union
officer in violation of 29 U.S.C. § 501. She argues that her sen-
tence of twenty-four months' imprisonment exceeds the guidelines
range and is unreasonable in light of the factors in 18 U.S.C.
§ 3553(a).

When a defendant violates a condition of probation, the dis-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

trict court, after a hearing and after considering the factors set forth in § 3553(a), may revoke the sentence of probation and re-sentence the defendant under the general provisions of subchapter A, which are found at 18 U.S.C. §§ 3551-3559, taking into account the nonbinding policy statements of Guidelines Manual Chapter 7. See 18 U.S.C. § 3565(c); United States v. Pena, 125 F.3d 285, 287 (5th Cir. 1997).

Cloud's original offense of conviction carried a penalty of not more than five years. See § 501(c). Her sentence of twenty-four months does not exceed the statutory term and therefore is a lawful sentence. See Pena, 125 F.3d at 288. Cloud is correct that her term of imprisonment exceeds the guidelines range for her original offense of six to twelve months, but the district court was not limited to the guidelines range that was available at the time of the initial sentence. See id. at 287.

The district court determined that Cloud's violation was a Class C violation. With a criminal history category of I, the guidelines set forth an advisory range of three to nine months. U.S.S.G. § 7B1.4(a). The record confirms that the court implicitly considered the factors set forth in § 3553(a), including the nature and circumstances of the offense, Cloud's history and characteristics, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. § 3553(a); see United States v. Gonzalez, 250 F.3d

2

923, 930 (5th Cir. 2001).  More specifically, the court concluded that Cloud had violated numerous conditions of her probation, had committed crimes while on probation that were similar to her initial crime of embezzlement, and had continued to engage, while on probation, in a pattern of failing to take responsibility for her actions.

Therefore, although the sentence is in excess of the advisory guidelines range, it was imposed after consideration of the factors set forth in § 3553(a) and was neither unreasonable nor plainly unreasonable in light of the circumstances.  United States v. Hinson, 429 F.3d 114, 119-20 (5th Cir. 2005), cert. denied 126 S. Ct. 1804 (2006).

The judgment of revocation is AFFIRMED.