# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2008

Charles R. Fulbruge III
Clerk

No. 08-30115
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SHAWN KALYN WEATHERSBY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:05-CR-60072-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Shawn Weathersby appeals the 60-month sentence imposed by the district court following the revocation of his probation for the offense of possession of a firearm by a convicted felon. He argues that the sentence was unreasonable and that the district court incorrectly factored the length of waiting lists for drug rehabilitation programs within the Bureau of Prisons when choosing a sentence. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When a defendant violates a condition of probation, the district court, after a hearing and after considering the factors set forth in 18 U.S.C. § 3553(a), may revoke the sentence of probation and resentence the defendant under the general provisions of subchapter A, taking into account the non-binding policy statements of the Sentencing Guidelines Manual Chapter 7. See 18 U.S.C. § 3565; United States v. Pena, 125 F.3d 285, 287 (5th Cir. 1997). A sentence imposed after a revocation of probation will be affirmed unless it is unreasonable or plainly unreasonable. United States v. Hinson, 429 F.3d 114, 119-20 (5th Cir. 2005) (revocation of supervised release); see also United States v. Cloud, 194 F. App'x 255, 257 (5th Cir. 2006) (revocation of probation), cert. denied, 127 S. Ct. 2934 (2007).

In this case, it was undisputed that Weathersby failed several drug tests while on probation. Twice before the hearing giving rise to this appeal, the district judge gave Weathersby another chance – first by sending him to a halfway house and then by allowing him to enroll in an inpatient treatment program. Within two months of completion of that program, he again tested positive for cocaine. At the hearing giving rise to this appeal, the district judge carefully went over the details of Weathersby's situation. She noted the numerous squandered opportunities he had been given to handle his problem and the length of time that had passed without benefit. In light of numerous factors, including the need to promote respect for the law and deterrence of similar conduct, she arrived at a sentence above the guidelines.

The defendant does not challenge the district court's calculation of the guidelines or its analysis of his situation. Instead, he says his sentence is unreasonable, given the disparity between the sentence and the guidelines range as well as the guidelines sentence for the original offense (two to eight months). He argues that any delay by the Bureau of Prisons in putting him into treatment should not be a factor in his sentence.

A district court is not prohibited from considering, along with other factors, a defendant's rehabilitative needs in determining the length of a sentence of imprisonment upon revocation. See United States v. Giddings, 37 F.3d 1091, 1095, 1097 (5th Cir. 1994)(addressing revocation of supervised release). While the district judge mentioned the fact that delays occur in obtaining treatment, she also stated that a five-year sentence was necessary to "completely break the pattern of conduct and habit." This decision was not made in a vacuum – the same judge had repeatedly given this defendant opportunities to bring himself into compliance with his conditions of probation, to no avail. Moreover, the judge did not rely solely on this factor; instead, she carefully articulated several other factors. Indeed, the court very meticulously discussed Weathersby's individual situation and the section 3553 factors in light of Gall's admonition that an individualized assessment is necessary. Gall v. United States, 128 S. Ct. 586, 597 (2007). Weathersby has not shown that his sentence was either unreasonable or plainly unreasonable. See Hinson, 429 F.3d at 119-20.

AFFIRMED.