United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-50413
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GADIEL HIDALGO-PERALTA,

Defendant-Appellant.

**Appeal from the United States District Court
for the Western District of Texas
(3:03-CR-2025-3-DB)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gadiel Hidalgo-Peralta appeals the 12-month sentence imposed following revocation of his supervised release at sentencing, following Hidalgo and his brother's being convicted of several drug offenses. Hidalgo contends that the revocation sentence should have run concurrently to the mandatory-minimum 120-month sentence he received for the drug offenses.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court has the authority to run terms of imprisonment consecutively upon revocation of supervised release. *United States v. Gonzalez*, 250 F.3d 923, 925-29 (5th Cir. 2001). "After finding that a defendant has violated a condition of supervised release, the district court must consider the factors contained in 18 U.S.C. § 3553(a) in determining the sentence to be imposed." *Id.* at 929. These factors must be considered "in determining whether the terms imposed are to be ordered to run concurrently or consecutively". 18 U.S.C. § 3584(b) (2000). "'Implicit consideration of the § 3553 factors is sufficient.'" *Gonzalez*, 250 F.3d at 930 (quoting *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996)).

Hidalgo suggests that we apply a plain error standard of review. Of course, we, not the parties, determine the proper standard of review. *E.g.*, *St. Tammany Parish Sch. Bd. v. Louisiana*, 142 F.3d 776, 782 (5th Cir.), *cert. dismissed*, 525 U.S. 1036 (1998). In any event, Hidalgo appears at sentencing to have preserved this issue by requesting a concurrent sentence. Pre-*United States v. Booker*, 125 S. Ct. 738 (2005), we would have upheld Hidalgo's sentence "unless it [was] in violation of law or [was] plainly unreasonable". *United States v. Stiefel*, 207 F.3d 256, 259 (5th Cir. 2000) (internal citation and quotation marks omitted). Post-*Booker*, it is unclear whether the same standard applies or if we instead review a revocation sentence only for "unreasonableness". *United States v. Hinson*, 429 F.3d 114, 120

2

(5th Cir. 2005).  Similar to **Hinson**, we need not decide that issue because Hidalgo's sentence is proper under either standard.  **Id**.

Hidalgo asserts that the district court had decided to impose a concurrent sentence, but concluded otherwise after it became upset with the attorney representing Hidalgo's brother at sentencing.  Hidalgo contends that the district court's imposition of a consecutive sentence was based on an impermissible factor.

We do not agree.  The district court never made any prior statements suggesting that Hidalgo's sentences would be concurrent.  It determined that a consecutive sentence should be imposed, after Hidalgo admitted to committing drug offenses and after taking judicial notice of Hidalgo's brother's convictions.  The district court is to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" in determining his sentence.  18 U.S.C. § 3553(a)(1) (2000).

**AFFIRMED**