United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30665

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEMORRIS JONES,

Defendant-Appellant.

---

Appeal from the United States District Court for the
Western District of Louisiana

U.S.D.C. No. 5:03-cr-50112-05

---

Before DeMOSS, BENAVIDES and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellant Demorris Jones pleaded guilty to conspiring to defraud the United States in violation of 18 U.S.C. § 371. Applying a downward departure, the district court sentenced him to six months of imprisonment and three years of supervised release and ordered restitution.

After Jones began his supervised release, the U.S. Probation

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Office submitted a petition detailing three Grade C release violations: (1) failure to submit timely monthly reports; (2) failure to notify the probation office of change of address; and (3) failure to make restitution payment.  For such violations, the Sentencing Guidelines call for a term of imprisonment of five to eleven months, if, like Jones, the violator falls into criminal history category III.[1]  The district court held a revocation hearing, at which Jones admitted committing the violations.  After considering the United States Sentencing Guidelines, Jones' criminal history and the record, the district court imposed twenty-four months of incarceration, the statutory maximum for the underlying offense.

Jones appeals the sentence's imposition as erroneous because it exceeds the Sentencing Guidelines' advisory range.  This court has declined to define precisely the standard of review to be applied to sentences imposed when supervised release is revoked, United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), and we need not do so today.  We have routinely upheld release revocation sentences in excess of the advisory range but within the statutory maximum as meeting both standards considered in Hinson.[2]  See, e.g., id.; U.S. v. Boykin, No. 05-50704, 2006 WL

---

[1] U.S. SENTENCING GUIDELINES MANUAL § 7B1.4(2006)(hereinafter "Sentencing Guidelines").

[2] Hinson considered two standards, (1) the "plainly unreasonable" standard in 18 U.S.C. § 3742(a), applied to revocation sentences before United States v. Booker, 543 U.S. 220

616031 at *1 (5th Cir. Mar. 13, 2006); <u>U.S. v. Green</u>, 162 F.App'x 283, 284 (5th Cir. 2006).  Jones makes no compelling argument distinguishing his case.  The district court considered the Sentencing Guidelines' range, Jones' criminal history and the record in choosing its sentence.  The twenty-four month sentence it imposed on revocation here is reasonable and accordingly neither "unreasonable" nor  "plainly unreasonable."  We find no reversible error in its means or ends, and so the sentence is AFFIRMED.

---

(2005), and (2) <u>Booker</u>'s "unreasonableness" standard.