United States Court of Appeals
Fifth Circuit

**F I L E D**

September 8, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-41366

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BILLY WAYNE WEESE,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(No. 2:95-CR-142)

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Billy Wayne Weese appeals his post-*Booker* two-year sentence for violating conditions of his supervised release, arguing that the district court erred by sentencing him above the Sentencing Guidelines recommended range without sufficiently specific reasons. For the following reasons, we affirm.

**I. FACTS AND PROCEEDINGS**

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

In 1995, Weese was charged with, *inter alia*, possession with intent to distribute more than fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1). He pleaded guilty to the marijuana possession, was sentenced to a prison term and supervised release. During his release, which began in March 1998, a Petition for Warrant for an Offender under Supervision was issued. That petition was superceded by a petition issued in 2005. The superceding petition alleged that Weese failed to report to the probation office, failed to submit written reports, failed to report a change in address, failed to participate in a drug treatment program, used cocaine, failed to pay a $750 fine, and was arrested by the Houston Police Department for third-degree felony theft in 1999.

At the July 2005 revocation hearing,[1] Weese admitted to each of the allegations in the superceding petition. Notwithstanding an advisory guidelines recommendation of four to ten months, the district court sentenced Weese to two years of imprisonment.

## II. DISCUSSION

The parties disagree about the appropriate standard of review. The government argues for plain-error review, while Weese argues for reasonableness review under *Booker*. This court has declined to define the standard of review to be applied to sentences revoked post-*Booker*. *United States v. Hinson*, 429 F.3d 114, 120 (5th Cir. 2005). We need not decide whether plain-error review applies because the district court's decision survives the more exacting standard of review under *Booker*. *See United States v. Hidalgo-Peralta*, 166 F. App'x 762, 763 (5th Cir. 2006).

This court has routinely upheld sentences above the policy advisory range so long as the sentence imposed does not exceed the statutory maximum. *See United States v. Bennett*, No. 05-

---

[1] During the six years that transpired between the felony-theft arrest and the revocation hearing, Weese was apparently incarcerated by the state of Texas.

30577, 2006 WL 2359637, at *1 (5th Cir. Aug. 16, 2006) (per curiam); *United States v. Hunter*, No. 05-20411, 2006 WL 1977472, at *4 (5th Cir. July 13, 2006) (per curiam); *United States v. Jones*, No. 05-30665, 2006 WL 1519458, at *1 (5th Cir. May 25, 2006) (per curiam). Here, Weese's two-year sentence did not exceed the statutory maximum. 18 U.S.C. § 3583(e)(3). Notwithstanding Weese's argument that the district court failed to provide specific reasons for revoking Weese's supervised release, a review of the record reveals that the court considered the relevant § 3583(c) and § 3553(a) factors. When imposing Weese's sentence, the district court stated that it had reviewed the materials prepared by the probation office, which contained information about the defendant's personal history and the circumstances of the offense committed. The court also read aloud the charges in the revocation warrant to which Weese admitted guilt. The court also specifically stated that it considered the guidelines' advisory policy statement. All of this indicates that the court took into consideration the appropriate sentencing factors. Accordingly, the sentence was not unreasonable.[2] *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) ("A checklist recitation of the § 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable."). *See also Hunter*, 2006 WL 1977472, at *4.

## IV. CONCLUSION

We AFFIRM.

---

[2]Our holding is not meant to endorse terse reasoning for imposing a sentence after revocation. We merely hold that the record sufficiently illuminated the district court's reasoning.