United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10821
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JARVIS A. COLE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-72-ALL
--------------------

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Jarvis A. Cole appeals the 23-month sentence imposed

following the revocation of his supervised release.  He contends

that pursuant to United States v. Booker, 543 U.S. 220 (2005),

and United States v. Mares, 402 F.3d 511, 519 (5th Cir.),

cert. denied, 126 S. Ct. 43 (2005), sentences, including those

imposed upon revocation of supervised release, are reviewed

under the reasonableness standard.  Further, he argues that the

sentence imposed was unreasonable because it substantially

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exceeded the recommended range and the district court's reasons for imposing the sentence were insufficient.

This court need not decide the appropriate standard of review for a sentence imposed upon revocation of supervised release in the wake of Booker because Cole has not shown that his sentence was either unreasonable or plainly unreasonable. See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006); United States v. Jones, 182 F. App'x 343, 344 (5th Cir. 2006). Cole was subject to a two-year statutory maximum sentence upon revocation of his supervised release. See 18 U.S.C. §§ 513(a), 371, 3559(a)(4), and 3583(e)(3). The Sentencing Guidelines recommended a prison term between 6 and 12 months based on Cole's Grade C violations and his criminal history category of IV. See U.S.S.G. § 7B1.4(a). Cole's sentence, while in excess of the recommended range, was within the statutory maximum sentence that the district court could have imposed. Further, a review of the record demonstrates that the district court considered the relevant sentencing factors. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006); United States v. Weese, No. 05-41366, 2006 WL 2590309 (5th Cir. Sept. 8, 2006) (unpublished). Therefore, the sentence was neither unreasonable nor plainly unreasonable. See Jones, 182 F. App'x at 344. Accordingly, the district court's judgment is AFFIRMED.