**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-51295
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS JAMES MILLIGAN,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-44-1

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marcus James Milligan appeals the 24-month sentence he received following the revocation of his supervised release. He argues that the district court erred in considering a recent drug possession arrest and several positive drug tests that were not listed as violations on the instant revocation petition. Milligan also argues that the 24-month sentence imposed is plainly unreasonable, that the district court failed to consider the applicable sentencing guidelines' policy statements, and that the district court failed to consider the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing factors in 18 U.S.C. § 3553(a). Because Milligan did not object in the district court, we review for plain error only. *See United States v. Jones,* 484 F.3d 783, 792 (5th Cir. 2007).

The transcript shows that the district court's decision to revoke supervision was based on Milligan's continued violations of the terms of his supervised release rather than the circumstances of any particular prior violation. The district court found that it had been lenient after two prior violations and that Milligan was not entitled to any further leniency.

Milligan also has not shown that the district court plainly erred in imposing his sentence. Milligan was sentenced to the statutory maximum rather than the recommended guidelines range of 3 to 9 months of imprisonment. We conclude that the district court implicitly considered the applicable policy statement in the guidelines when it correctly stated the recommended guidelines range. *See United States v. Whitelaw,* 580 F.3d 256, 261 (5th Cir. 2009). We also conclude that the district court implicitly considered the § 3553(a) factors when it discussed Milligan's inability or continued unwillingness to comply with the terms of supervised release. *See id.* To the extent that Milligan's claim also implicates the sufficiency of the district court's reasons, we conclude that any error does not merit reversal under a plain error standard of review because Milligan can not show that such error affected his substantial rights or "'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.'" *See id.* at 264-65. Finally, Milligan's sentence at the statutory maximum was not plain error; this court routinely upholds revocation sentences that are above the advisory policy range but within the statutory maximum. *See id.* at 265.

AFFIRMED.