**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-60163
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY BRADBERRY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:05-CR-77-2

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Johnny Bradberry appeals the 60-month sentence imposed upon his revocation of probation for his conviction of conspiracy to possess with the intent to distribute less than 50 kilograms of cocaine. Bradberry argues that his sentence is unreasonable because the district court considered his arrest record and contempt charges in violation of U.S.S.G. §§ 4A1.2 and 4A1.3, the court failed to provide adequate reasons for the sentence, the extent of the deviation from the recommended range is significant, and the district court improperly

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

considered a factor of which Bradberry was not provided advance notice. Bradberry also argues that his due process rights were violated because the sentence was predetermined by the district court.

Bradberry did not argue before the district court that the court was barred from considering his arrest record or contempt charges. Therefore, review is limited to plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). To show plain error, Bradberry must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett*, 129 S. Ct. at 1429. If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* There are no binding Sentencing Guidelines for revocation of probation or supervised release. *United States v. Headrick*, 963 F.2d 777, 780-82 (5th Cir. 1992). Rather, the Sentencing Guidelines include non-binding policy statements concerning revocations. *See* Guidelines Manual Ch. 7, Pt. A and Pt. B, intro. comment. Bradberry's argument that the district court improperly considered his arrest record and contempt charges is without merit because it is not clear that the prohibitions listed under §§ 4A1.2 and 4A1.3 apply to sentences imposed upon revocation of probation. The court did not impose an upward departure under § 4A1.3. *See United States v. Mathena*, 23 F.3d 87, 94 n.13 (5th Cir. 1994).

The district court provided adequate reasons for the imposition of Bradberry's sentence. The court reflected on Bradberry's criminal history, his numerous violations of probation, and his contempt for the probation office. The court's statement is sufficient and does not constitute plain error. *See United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996). Moreover, the district court considered the Guidelines or policy statements of Chapter 7 before determining that the facts of the instant case warranted a sentence of 60 months. Bradberry's sentence, while in excess of the 5-11 month range indicated by the policy statements, was within the 60-month statutory maximum term of

imprisonment that the district court could have imposed. *See* 18 U.S.C. §§ 3559(a), 3565(a); 21 U.S.C. §§ 841, 846.

Bradberry received adequate notice of all alleged violations but for the positive marijuana test. The district court's reasons for the imposition of Bradberry's sentence was based on several factors, even excluding the positive marijuana test. Finally, it is unclear that the district court violated Bradberry's rights by cautioning him about the imposition of the statutory maximum sentence should his probation be revoked. Therefore, Bradberry's sentence is neither unreasonable nor plainly unreasonable, and he has not shown plain error. *See Puckett*, 129 S. Ct. at 1429; *United States v. Hinson*, 429 F.3d 114, 120 (5th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED.