# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 26, 2010

No. 09-50615
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL VALENCIA-MAZARIEGOS, also known as Pedro Rene Hernandez,

Defendant-Appellant

- - - - - - - - - - - - - - - - - - - - - - - - -
consolidated with:

No. 09-50625
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL VALENCIA-MAZARIEGOS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-217
USDC No. 1:09-CR-228

No. 09-50615
c/w No. 09-50625

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Raul Valencia-Mazariegos (Valencia) appeals the 60-month sentence he received on revocation of his supervised release, following his guilty-plea convictions for: (1) being an illegal alien in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(5)(A); and (2) illegal reentry into the United States, in violation of 8 U.S.C. § 1326. Although he noticed an appeal of both those convictions and the resulting concurrent 120-month sentences, as well as an appeal from the revocation sentence, Valencia failed to brief any argument regarding the underlying convictions and sentences. Thus, he has abandoned those issues. *See United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001).

Valencia argues that the consecutive 60-month revocation sentence was unreasonable and/or plainly unreasonable[1] because it was unduly punitive, given that he had already received a harsh 10-year sentence on the underlying violations based on his criminal past and other factors cited by the district court. He urges that those same factors cannot support an additional five-year revocation sentence because they had already been accounted for sufficiently. Alternatively, Valencia argues that, if a consecutive revocation sentence was warranted, the court should have restricted the sentence to the Guidelines range of 21 to 27 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] We have yet to address whether sentences imposed upon revocation of supervised release are to be reviewed under the "unreasonableness" standard of *United States v. Booker*, 540 U.S. 220, 261 (2005). Prior to *Booker*, we applied a "plainly unreasonable" standard. *See United States v. Hinson*, 429 F.3d 114. 119–20 (5th Cir. 2005). We need not decide the correct standard today, as Valencia's sentence is appropriate under either standard. *Id.* at 119.

The district court's decision to run the revocation sentence consecutive to the sentence on the underlying charges was authorized by statute and is preferred under the Guidelines. *See* 18 U.S.C. § 3584; U.S.S.G. § 7B1.3(f) & comment. (n.4.). Additionally, both the sentencing transcript and the written statement of reasons reveal that the district court considered the 18 U.S.C. § 3553 factors when imposing Valencia's revocation sentence. Specifically, the court found that a significant sentence beyond that imposed on the underlying charges was necessary to reflect the seriousness of Valencia's criminal past and future dangerousness, as well as to promote respect for the law and provide adequate deterrence, particularly given his nearly 30-year criminal career of drug-trafficking, violence, and disregard for the laws of the United States.

Because the 60-month sentence Valencia received on revocation was not greater than what is authorized by statute, it is "thus clearly legal." *United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997). Moreover, this court has "routinely upheld release revocation sentences in excess of the advisory range but within the statutory maximum" as satisfying both the plainly unreasonable and unreasonableness standards. *United States v. Jones*, 182 F. App'x 343, 344 (5th Cir. 2006) (per curiam). Accordingly, Valencia's revocation sentence is acceptable under the "plainly unreasonable" and *Booker* "unreasonableness" standards. *See Hinson*, 429 F.3d at 118–19.

AFFIRMED.