# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 24, 2011

Lyle W. Cayce
Clerk

No. 10-30601
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALLEN J. LOCKE,

Defendant-Appellant

Appeal from the United States District Court
for Middle the District of Louisiana
USDC No. 3:04-CR-165-2

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Allen J. Locke appeals the sentence imposed following the revocation of his supervised release subsequent to his convictions for conspiracy to distribute cocaine base and distribution of cocaine base. Locke argues that the district court failed to provide sufficient reasons for his 36-month sentence, which was outside of the recommended guidelines range. He also argues that his sentence was unreasonable because he violated his supervised release by using drugs and alcohol and because the district court relied upon his arrest for state charges

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

while he was on supervised release to justify imposing the statutory maximum sentence.

While Locke objected to the sentence imposed in the district court, he did not object to the sufficiency of the reasoning provided by the district court for his sentence or to the district court's consideration of his arrest on state charges when determining his sentence. Accordingly, we review those issues for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009); *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Contrary to Locke's assertion, the district court gave adequate reasons for his sentence, including the need for his sentence to address the seriousness of his conduct and the danger he posed to the public. The district court additionally noted that, despite being given every assistance in complying with his supervised release conditions, including drug and alcohol treatment, Locke nevertheless violated those conditions. Moreover, because Locke has not shown that the district court's alleged failure to provide more specific reasons for the sentence or its consideration of his arrest on state charges affected his substantial rights or the public reputation of the judicial proceedings, he has failed to show reversible plain error. *See Whitelaw*, 580 F.3d at 263-65; *United States v. Bradberry*, 360 F. App'x 508, 509 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 2131 (2010).

Because the 36-month sentence Locke received on revocation was not greater than what is authorized by statute, it is "thus clearly legal." *United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997). Moreover, this court has "routinely upheld release revocation sentences in excess of the advisory range but within the statutory maximum" as satisfying both the plainly unreasonable and unreasonableness standards. *United States v. Jones*, 182 F. App'x 343, 344 (5th Cir. 2006) (per curiam); *see United States v. McKinney*, 520 F.3d 425, 428 (5th Cir. 2008). The district court's judgment is therefore AFFIRMED.