# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2011

No. 10-30531
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIMOTHY M. STARKS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50152-2

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Timothy M. Starks appeals the sentence imposed following the revocation of his supervised release subsequent to his conviction for conspiracy to possess with intent to distribute methamphetamine. Starks argues that his 24-month sentence, which was outside of the recommended guidelines range, is unreasonable because he was a drug addict. Starks also contends that the district court failed to consider that he cooperated with the Government in connection with his underlying conviction, that he was an addict who had not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

been a danger to anyone but himself, that he had no history of violence, that he had been in drug abuse programs, that he was not ordered to receive drug abuse treatment in connection with his revocation sentence, that he had a family that relied upon him for support, that he had been employed for most of his life, and that he took the drugs that led to the revocation of his supervised release because he was in pain.

Starks did not object to the sentence as unreasonable in the district court. Accordingly, we review the sentence for plain error only. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The district court noted that Starks was given multiple chances to stop abusing drugs and therefore to stop violating the conditions of his supervised release before his supervised release was ultimately revoked. The district court felt that because Starks did not heed the numerous warnings to stop abusing drugs, the 24-month sentence was necessary to get Starks's attention.

Because the 24-month sentence Starks received on revocation was not greater than what is authorized by statute, it is "thus clearly legal." *United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997). Moreover, this court has "routinely upheld supervised release revocation sentences in excess of the advisory range but within the statutory maximum[.]" *United States v. Jones*, 182 F. App'x 343, 344 (5th Cir. 2006) (per curiam); *see United States v. McKinney*, 520 F.3d 425, 428 (5th Cir. 2008). As Starks has failed to demonstrate plain error, the district court's judgment is AFFIRMED.