**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

Lyle W. Cayce
Clerk

No. 11-50062
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LARRY CALLOWAY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-222-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Larry Calloway appeals the 36-month sentence imposed following revocation of his supervised release. He argues that his sentence, which was above the recommended range, is plainly unreasonable because it is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a).

We review sentences imposed on revocation of supervised release under the plainly unreasonable standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Calloway did not object in the district court. Therefore, we

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review his appeal for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009); *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Because the 36-month sentence Calloway received on revocation was not greater than the term authorized by statute, it is "clearly legal." *United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997). Additionally, this court has routinely upheld sentences on revocation greater than the advisory policy range but within the statutory maximum. *See United States v. Milligan*, 353 F. App'x 954 (5th Cir. 2009)(unpublished); *United States v. Jones*, 182 F. App'x 343, 344 (5th Cir. 2006) (unpublished).[1] Thus, there is no plain error with regard to Calloway's 36-month sentence. *See Puckett*, 129 S. Ct. at 1429. Accordingly, the judgment of the district court is AFFIRMED.

---

[1] Although these unpublished decisions are not precedent, we cite them as exemplars of sentences upheld by our court in the past.