# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2012

No. 11-60854
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MEKO J. RICE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:09-CR-78-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Meko Jovel Rice appeals the 24-month term of imprisonment imposed following the revocation of his supervised release for conspiracy to distribute cocaine, cocaine base, and marijuana. He argues that the sentence, which exceeds the advisory sentencing guidelines range but is within the statutory maximum, is procedurally and substantively unreasonable because the district court failed to adequately identify the reasons for the sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60854

Generally, we review revocation sentences under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied,* 132 S. Ct. 496 (2011). Under the plainly unreasonable standard, we first assess whether the district court committed procedural error and then consider "the substantive reasonableness of the sentence under an abuse-of-discretion standard." *Id.* (internal quotation marks and citation omitted). However, because Rice did not object to the sufficiency of the district court's reasons, review of that argument is for plain error. *See United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009).

Rice has not established error, plain or otherwise, in connection with the district court's explanation for the sentence. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). At the revocation hearing, the district court expressly considered Rice's advisory guidelines range of 5 to 11 months as set forth in Chapter Seven of the Guidelines but chose to impose a 24-month sentence instead. *See* U.S.S.G § 7B1.1, p.s.; § 7B1.4, p.s.; 18 U.S.C. § 3553(a)(5)(including as a factor to be considered in imposing sentence any pertinent policy statement issued by the Sentencing Commission). The district court noted that Rice had a history of noncompliance with conditions of supervised release, that it was concerned for the public's safety based on his repeated arrests, that his criminal history was significant, and that he had no respect for the law or for the court; the court expressly cited several of the § 3553(a) factors when imposing sentence. In addition, Rice pleaded true to six violations of the conditions of his supervised release. The district court's explanation indicates that it considered the parties' arguments and that it had a reasoned basis for imposing the above-guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007). In addition, contrary to Rice's argument, the 24-month sentence imposed in his case is not substantively unreasonable. *See Miller*, 634 F.3d at 843.

AFFIRMED.