# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 31, 2013

Lyle W. Cayce
Clerk

No. 12-31243
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS TWYMON,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:05-CR-61-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Demetrius Twymon appeals the sentence imposed following the revocation of his supervised release ("SR"), arguing that the five-year statutory maximum term of imprisonment is substantively unreasonable given the nature of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violations of SR.  We review preserved challenges to revocation sentences under a deferential plainly-unreasonable standard.  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

The district court properly determined that Twymon's range of imprisonment was six to twelve months under the policy statements in the sentencing guidelines.  *See* U.S.S.G. § 7B1.4(a), p.s. (Revocation Table).  His five-year term of imprisonment, although considerably higher, does not exceed the statutory maximum of five years.  *See* 18 U.S.C. § 3583(e)(3).  We routinely affirm revocation sentences exceeding the advisory guideline range but not the statutory maximum.  *See, e.g., United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009); *United States v. Jones*, 182 F. App'x 343, 343-44 (5th Cir. 2006).

At the revocation hearing, the district court considered the range of imprisonment in the policy statements, Twymon's arguments that his employment interfered with his ability to abide by the conditions of SR, his letter to the court, the presentence report, his criminal history, and his violations of SR.  The court expressly stated that it had considered the pertinent factors in 18 U.S.C. § 3553.  To the extent that Twymon seeks to raise, on appeal, arguments that the court considered prohibited factors from § 3553(a)(2)(A) and (D), he has not briefed them adequately and has thus abandoned them on appeal.  *See* FED. R. APP. P. 28(a)(9); *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

The record reflects that the district court made an individualized assessment based on Twymon's multiple SR violations, his history and characteristics, and the need to protect the public and to afford adequate deterrence.  *See Gall v. United States*, 552 U.S. 38, 49-50 (2007); *Miller*, 634 F.3d at 843-44; § 3583(e).  Contrary to Twymon's suggestion, the sentence did not "unreasonably fail[] to reflect the statutory sentencing factors."  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  Twymon has not shown that the revocation sentence is plainly unreasonable.  *See Miller*, 634 F.3d at 843.

AFFIRMED.