# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60753
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILBERT CONCHO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:06-CR-17-3

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Wilbert Concho appeals the above-guidelines sentence imposed by the district court following revocation of his fourth term of supervised release. Concho contends that the sentence was procedurally unreasonable because the district court failed to adequately explain the reasons for imposing the above-guidelines sentence, and substantively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable because the sentence did not adequately reflect the facts of the revocation and Concho's personal history and characteristics.

We "review a sentence imposed on revocation of supervised release under a plainly unreasonable standard, in a two-step process," first "ensur[ing] that the district court committed no significant procedural error, such as . . . failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines range." *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013) (internal quotation marks and citation omitted). If we conclude that there was no procedural error, we then determine whether the sentence was substantively unreasonable under an abuse of discretion standard. *Id*. at 326, 332.

Concho has not shown procedural error. The district court did sentence Concho above the four to 10 month guidelines range, but the 24-month sentence was well within the statutory maximum of 36 months. When imposing sentence, the district court explained that it was justified based on Concho's prior pattern of failing to report to the Probation Officer and absconding while on supervised release. Concho cites nothing to support his argument that this was an inadequate explanation, and we have found no procedural error in similar situations. *See, e.g., United States v. Rice*, 487 F. App'x 182, 182-83 (5th Cir. 2011).[1]

Neither has Concho demonstrated that his sentence was substantively unreasonable. The district court's determination is entitled to deference. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). The 24-month sentence Concho received on revocation was not greater than the term authorized by statute and, as such, was "clearly legal." *United States v. Pena*,

---

[1] Although an unpublished opinion issued after January 1, 1996, is not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

No. 16-60753

125 F.3d 285, 288 (5th Cir. 1997).   We have routinely upheld sentences on revocation greater than the advisory policy range but within the statutory maximum.  *See Rice*, 487 F. App'x at 183 (affirming a 24-month sentence that was above the guidelines range of five to 11 months); *United States v. Jones*, 182 F. App'x 343, 344 (5th Cir. 2006) (affirming a 24-month sentence that was above the guidelines range of five to 11 months).

AFFIRMED.