# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 22, 2010

No. 09-31088
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

QUINN J. DOMINGUE,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CR-226-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Quinn J. Domingue pleaded guilty to possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. § 5861(d). The district court sentenced Domingue to 36 months in prison and ordered the sentence to run consecutively to Domingue's undischarged state probation revocation sentence of five years. Domingue appeals, arguing that the district court was required to impose a concurrent sentence pursuant to U.S. Sentencing Guideline (U.S.S.G.) § 5G1.3(b). Domingue also argues that his 36-month sentence is substantively

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable in light of 18 U.S.C. § 3553(a).  For the reasons that follow, we affirm.

We review sentences, whether inside or outside the Guidelines, for procedural error and substantive reasonableness in light of the Sentencing Guidelines and the factors set out in § 3553(a).  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007); *see United States v. Candia*, 454 F.3d 468, 472 (5th Cir. 2006) (applying the *United States v. Booker*, 543 U.S. 220 (2005), standard of review to analyze the application of § 5G1.3(c)).  We review the district court's application of the Guidelines de novo, and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Multiple sentences of imprisonment are addressed in 18 U.S.C. § 3584, which generally provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."   18 U.S.C. § 3584(a).  Section 5G1.3 of the Guidelines implements § 3584.  *See* 28 U.S.C. § 994(a)(1)(D).  Section 5G1.3(b) provides, in pertinent part, as follows:

> If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense . . . the sentence for the instant offense shall be . . .
> (1)   adjust[ed] . . . for any period of imprisonment already served on the undischarged term of imprisonment . . . ; and
> (2)   . . . imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b).  Subsection (b) does not apply "in cases in which the prior offense increased the . . . offense level for the instant offense but was not relevant conduct to the instant offense." U.S.S.G. § 5G1.3 cmt. n.2(B).  The term "relevant conduct" has the meaning ascribed to it in § 1B1.3(a)(1), (2), or (3) of the Guidelines.  U.S.S.G. § 5G1.3(b).

Subsection (c) of § 5G1.3 indicates that in other cases involving an undischarged term of imprisonment, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively . . . to achieve a reasonable punishment for the instant offense" as determined by the district court and its consideration of a number of factors. U.S.S.G. § 5G1.3(c) & cmt. n.3(A).

In the instant case, state law enforcement officers arrested Domingue and charged him with possession with intent to distribute hydrocodone. In connection with the arrest, the officers seized a short-barreled shotgun which had never been registered as required by federal law. Domingue pleaded guilty to the state drug offense and received a sentence of five years, three years of which were suspended pending the successful completion of supervised probation. When state officers later arrested Domingue and charged him with additional drug offenses, Domingue's probation was revoked and he was sentenced to five years in state prison (probation revocation sentence).

Domingue was serving his probation revocation sentence when he was sentenced in connection with the instant offense. Because Domingue's probation revocation sentence "resulted" not from his original state drug offense, which was "relevant conduct to the instant offense . . . and . . . was the basis for an increase in the offense level for the instant offense" but rather from his probation violation, which was based on separate, unrelated criminal offenses, § 5G1.3(c) controlled the outcome in the instant case. *See United States v. Reyes-Lugo*, 238 F.3d 305, 308-10 (5th Cir. 2001). Thus, the district court did not clearly err in imposing a consecutive federal sentence. *See id.* Furthermore, because the imposition of consecutive sentences was in keeping with § 5G1.3(c), the sentence imposed on Domingue is a within-guidelines sentence entitled to the presumption of reasonableness in all respects. *See Candia*, 454 F.3d at 471, 473, 478-479. Thus, Domingue's arguments regarding the district court's imposition

of a consecutive federal sentence are unavailing. *See id.* at 478-79; *Reyes-Lugo*, 238 F.3d at 308-10.

Domingue's arguments regarding the substantive reasonableness of his sentence are also unavailing. When determining a defendant's sentence, the district court is required to make an individualized assessment based on the facts presented. *Gall*, 552 U.S. at 50. In the instant case, the district court conducted the individualized assessment required. It expressly adopted the PSR's findings of fact and calculations and considered the parties' arguments regarding the appropriate sentence. *See id.* at 49-50. It also reviewed the § 3553(a) factors, explaining in detail how its chosen sentence of 36 months satisfied those factors. *See id.* The record reflects that the district court "thoroughly and adequately articulated several § 3553(a) factors" that justified the sentence it imposed. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Domingue's sentence remains substantively reasonable even if we were to assume arguendo that it represented an upward departure or variance by virtue of its consecutive nature. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

Domingue seeks to have this court re-weigh the § 3553(a) factors. However, the fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *See Gall*, 552 U.S. at 51. A defendant's disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See, e.g., United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008) (concluding that various arguments for a non-guidelines sentence presented no reason to disturb the presumption of reasonableness). Furthermore, Domingue's argument that the district court violated federal law when it considered his need for drug treatment in fashioning a sentence is simply without merit. Section 3553(a)(2)(D) expressly requires the district court to consider this factor, and we have affirmed many

No. 09-31088

sentences, including above-guidelines sentences, based, in part, on a defendant's need for drug treatment. *See, e.g., United States v. Peltier*, 505 F.3d 389, 390, 394 n.16 (5th Cir. 2007); *United States v. Pena*, 125 F.3d 285, 287-88 (5th Cir. 1997). Thus, Domingue has not shown that his sentence was substantively unreasonable, *see Gall*, 552 U.S. at 51, nor has he rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See Rodriguez*, 523 F.3d at 525-26.

AFFIRMED.