**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 25, 2012

Lyle W. Cayce
Clerk

No. 11-50868
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS CARLOS GUTIERREZ-HERNANDEZ,

Defendant-Appellant.

-------------------------------------------------------------------------

Consolidated with

No. 11-50872
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS CARLOS GUTIERREZ HERNANDEZ,
Also Known as Cipriano Jacobo Zaenz,
Also Known as Luis Carlos Gutierrez-Hernandez,
Also Known as Luis Carlos Gutierrez,
Also Known as Robert Moreno Carica, Also Known as Robert Moreno Garcia,

Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1976-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Luis Gutierrez-Hernandez appeals the sentences imposed following his guilty plea convictions of illegal reentry into the United States after deportation, false personation in an immigration matter, and revocation of his previously imposed supervised release. He argues that the 60-month within-guidelines sentence for his illegal-reentry and false-personation convictions is substantively unreasonable because the district court did not consider his personal background and history, his alcoholism, and his cultural assimilation. He also asserts that the court did not consider the unwarranted sentencing disparity between defendants like him, who cannot avail themselves of a fast-track program, and those who can. Finally, he contends that the presumption of reasonableness should not apply, because U.S.S.G. § 2L1.2 is not empirically based.

The sentence is not substantively unreasonable. As Gutierrez-Hernandez recognizes, his argument concerning the lack of a fast-track program is foreclosed by *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008). His contention that § 2L1.2 is not empirically based is also foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). The record indicates that the district court considered his arguments for a below-guidelines sentence and was aware of his personal history and background, alcoholism, and cultural

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50868
c/w No. 11-50872

assimilation as set forth in the presentence report that the court adopted. The court determined that a sentence within the properly calculated advisory guidelines range was appropriate, and the sentence is entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Gutierrez-Hernandez has failed to rebut the presumption of reasonableness; he merely reasserts the arguments considered by the district court but does not show that the court failed to give proper weight to his arguments or any particular 18 U.S.C. § 3553(a) factor. *See Gomez-Herrera*, 523 F.3d at 565-66.

Gutierrez-Hernandez argues that the 12-month within-policy-guidelines revocation sentence was substantively unreasonable because the 60-month sentence was unreasonable, and it influenced the district court's decision on the revocation sentence; the sentence was greater than necessary to achieve the purposes of § 3553(a); his reentry offense was not violent and did not pose a danger to the public; and his alcoholism caused much of his criminal history. In the district court, Gutierrez-Hernandez requested a downward departure based on alcoholism and cultural assimilation; he did not raise the other grounds he now alleged in the district court. Therefore, review of those grounds is limited to plain error. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009); *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Because the 12-month revocation sentence did not exceed the 2-year statutory maximum term of imprisonment and was within the applicable policy range of 12 to 18 months, it was a lawful sentence. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4, p.s.; *United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997). The district court exercised its discretion to order that the revocation sentence be served consecutively to the 60-month sentence for the illegal-reentry and false-personation convictions. *See United States v. Gonzalez*, 250 F.3d 923, 925-29 (5th Cir. 2001). Because the sentence fell within the statutory range and was in keeping with the guidelines' advice regarding the imposition of consecutive

sentences, the sentence is entitled to a presumption of reasonableness. *See United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006). Gutierrez-Hernandez's disagreement with the district court's weighing of the 18 U.S.C. § 3553(a) factors does not demonstrate the court committed error, plain or otherwise. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009) (applying plain error standard of review).

AFFIRMED.