# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 18, 2013

Lyle W. Cayce
Clerk

No. 12-50267
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ENRIQUE MENDOZA-CONTRERAS,

Defendant - Appellant

Cons. w/ No. 12-50273

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ENRIQUE MENDOZA-CONTRERAS, also known as Juan Contreras Mendoza,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1152-1
USDC No. 2:11-CR-1482-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Enrique Mendoza-Contreras appeals the sentences imposed following his guilty plea conviction for illegal reentry into the United States after deportation and the revocation of his previously imposed term of supervised release. He argues that the 71-month within-guidelines sentence imposed for his illegal reentry conviction is substantively unreasonable because the district court did not consider his personal history and characteristics and his reason for returning to this country without permission. He also asserts that the advisory guidelines sentencing range was too high because his offense level was increased by 16 levels for a temporally remote drug-trafficking conviction and that same drug-trafficking conviction was used in calculating his criminal history score. Mendoza-Contreras argues that his sentencing range was too high compared to the average illegal reentry sentence and because illegal reentry is a mere trespass offense.

We will review the substantive reasonableness of Mendoza-Contreras's 71-month sentence for plain error since he made no challenge on that basis in the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Ruiz*, 621 F.3d 390, 397-98 (5th Cir. 2010). The sentence imposed by the district court was not substantively unreasonable. We have rejected arguments that double-counting like that complained of by Mendoza-Contreras necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected the argument that illegal reentry is merely a trespass offense that is treated too harshly under U.S.S.G. § 2L1.2. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). The record indicates that the district court considered Mendoza-Contreras's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments in mitigation of his sentence and was aware of his personal history and background, substance abuse issues, lack of education, and reasons for returning to this country as set forth in the Presentence Report that the district court adopted. The district court determined that a sentence within the properly calculated advisory guidelines range was appropriate, and the sentence is entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Mendoza-Contreras has failed to rebut the presumption of reasonableness as he simply reasserts the arguments considered by the district court, but he does not show that the district court failed to give proper weight to his arguments or any particular 18 U.S.C. § 3553(a) factor. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Mendoza-Contreras argues that the 10-month within-policy-guidelines revocation sentence was substantively unreasonable because the 71-month sentence was unreasonable and influenced the district court's decision on the revocation sentence, the sentence was greater than necessary to achieve the purposes of § 3553(a), and his reentry offense was not violent. In the district court, Mendoza-Contreras did not challenge substantive reasonableness of his revocation sentence. Therefore, we review only for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

Because the 10-month revocation sentence did not exceed the two-year statutory maximum term of imprisonment and was within the applicable policy range of 8 to 14 months, it was a legal sentence. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4, p.s.; *United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997). The district court exercised its discretion to order that the revocation sentence be served consecutively to the 71-month sentence for the illegal reentry conviction. *See* 18 U.S.C. § 3584; U.S.S.G. § 5G1.3(c) & comment. (n.3(C)). Because the sentence fell within the statutory range and was in keeping with the Guidelines' advice regarding the imposition of consecutive sentences, the

sentence is entitled to a presumption of reasonableness. *See United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006). Mendoza-Contreras's disagreement with the district court's weighing of the § 3553(a) factors does not demonstrate the district court committed error, plain or otherwise. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Whitelaw*, 580 F.3d at 259-60.

AFFIRMED.