# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-60906
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERT LEE MORGAN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:06-CR-154-4

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Lee Morgan appeals the 120-month sentence imposed following the revocation of his original sentence of three-years' probation for his guilty-plea conviction for passing a counterfeit security, in violation of 18 U.S.C. § 513(a). Because Morgan did not specifically object to the sentence imposed upon revocation of his probation in the district court, review is for plain error only. See United States v. Byrd, 116 F.3d 770, 772 (5th Cir. 1997); see also United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Jones, 484 F.3d 783, 791 (5th Cir. 2007). The sentence thus must be upheld unless there is error that is plain and that affects both the appellant's substantial rights and the integrity of the proceedings. See Jones, 484 F.3d at 791.

Morgan has pointed to no authority for the proposition that the sentence imposed upon revocation was plain or obvious error. He argues that the sentence imposed was unreasonable because his probation was revoked on Grade C violations only, with a resulting advisory guidelines range of eight to 14 months. However, he does not contest that the district court was authorized to impose the statutory maximum 120-month sentence on each count of conviction. See § 513(a). This court has routinely upheld a sentence following the revocation of supervised release that exceeded the applicable guidelines recommendation but fell within the statutory maximum.[1] See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005); United States v. Jones, No. 05-30665, 2006 WL 1519458, at *1 (5th Cir. May 25, 2006) (unpublished). Consequently, the district court's judgment is affirmed. Morgan's challenge to the computation of credit for time served is not considered as it has not first been administratively exhausted through the Federal Bureau of Prisons. See United States v. Wilson, 503 U.S. 329, 331-32, 334-35 (1992).

AFFIRMED.

---

[1] Morgan additionally states that he seeks to preserve for Supreme Court review whether the maximum possible sentence available on revocation of probation is not the statutory maximum penalty but the upper end of the original guidelines range. Blue brief, 15, 22-23.