# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2013

Lyle W. Cayce
Clerk

No. 12-50905
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TOMMY RAY JOHNSON, JR., also known as Baby Tommy,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-236-5

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Tommy Ray Johnson, Jr. appeals the 18-month sentence imposed upon revocation of his probation. Johnson argues that his above-guidelines sentence is procedurally unreasonable because the district court failed to adequately discuss the 18 U.S.C. § 3553(a) factors and that his sentence is substantively unreasonable in light of his minimal criminal history. Because Johnson did not raise these issues in the district court, our review is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, this court has the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Johnson has not established plain error in connection with the district court's reasons for his sentence. Although the district court did not expressly address each § 3553(a) factor, it was aware of Johnson's history and characteristics and the nature and circumstances of the offense because it presided over his original conviction and because the probation officer and Johnson informed the court of Johnson's personal circumstances underlying the the probation violations. The court noted that within six months of being placed on probation, Johnson had committed three violations of his probation, including intentionally removing an electronic ankle monitor. The court further observed that by absconding, Johnson had created a dangerous situation for himself, his family, and law enforcement. The district court's comments reveal that it considered the nature and circumstances of the offense and Johnson's history and characteristics, determining that a guidelines sentence would not adequately deter Johnson's propensity for failing to follow the rules and would not sufficiently protect the public. *See* § 3553(a)(1), (a)(2)(B)-(C). The district court's explanation of Johnson's sentence was therefore adequate. *See Whitelaw,* 580 F.3d at 261; *see also Rita v. United States,* 551 U.S. 338, 356-57 (2007).

In addition, Johnson has not shown that he would have received a lesser sentence but for the error. He has neither alleged nor established that a more extensive explanation for the sentencing decision would have affected the sentence imposed, i.e., Johnson has failed to identify anything in the record that suggests that a more detailed reasoning regarding the district court's selection of sentence would have resulted in a different sentence. *See United States*

*Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009). Johnson therefore has not established plain error in connection with the district court's statement of reasons for his sentence. *See Whitelaw*, 580 F.3d at 264-65.

Likewise, Johnson has not established plain error in connection with the substantive reasonableness of his sentence. Although his 18-month sentence exceeds the guidelines range, it was within the 20-year statutory maximum for his original offense of conviction, which the district court was authorized to impose. *See* 18 U.S.C. § 472; *United States v. Pena,* 125 F.3d 285, 287 (5th Cir. 1997); *see also United States v. Trinidad*, 380 F. App'x 449, 450 (5th Cir. 2010) (per curiam) (upholding 24-month sentence where guidelines range was 3 to 9 months); *United States v. Morgan*, 294 F. App'x 76, 77 (5th Cir. 2008) (per curiam) (upholding 120-month sentence where guidelines range was 8 to 14 months). Johnson's sentence does not constitute error, much less plain error. *See Puckett*, 556 U.S. at 135; *see also Pena,* 125 F.3d at 288.

The judgment of the district court is AFFIRMED.