# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 19, 2011

No. 11-50173
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL JOE RICHARDSON, also known as Michael Richardson,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-56-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Michael Joe Richardson appeals the 24-month sentence imposed following the revocation of his supervised release. Richardson argues that his sentence, which was outside the recommended policy range, is unreasonable because he had completed approximately 34 months of his three-year supervised release "prior to the earliest allegations in the Government's petition." He contends that the district court should have imposed a lesser sentence because he has been either on supervision, home confinement, or incarcerated for the relevant offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

since 2004. Richardson also claims that the 24-month sentence is unreasonable because the district court improperly considered the veracity of his revocation testimony when imposing the sentence. We AFFIRM.

When a district court revokes supervised release, it may impose any sentence within the statutory maximum term of imprisonment, taking into account the sentencing factors set forth in 18 U.S.C. § 3553(a) as well as the nonbinding policy statements of Chapter Seven of the Sentencing Guidelines codified at § 3583(e) of the same title. *See United States v. McKinney*, 520 F.3d 425, 427-28 (5th Cir. 2008).

This court recently held that revocation sentences are reviewed under Section 3742(a)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), *cert. denied*, No. 10-10784, 2011 WL 2148772 (U.S. Oct. 31, 2011). We explained that the use of this more deferential standard was appropriate "given that the goal of revocation is to punish a defendant for violating the terms of the supervised release." *Id.* at 843. That objective is different from the purpose of an offender's original sentence; therefore, "the use of different reviewing standards is appropriate." *Id.*

"We evaluate whether the district court procedurally erred before we consider 'the substantive reasonableness of the sentence under an abuse-of-discretion standard.'" *Id.* (quoting *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008)). Only if the sentence is unreasonable, do we then consider if the error was "obvious under existing law." *Id.*

We find no procedural error. Richardson's contention that the court relied on his credibility as a sentencing factor is inaccurate. The transcript shows that the assessment of his truthfulness may have motivated the court's determination that the allegations were "true and correct," but played no role in its subsequent sentencing.

Because the 24-month sentence Richardson received on revocation was not greater than what is authorized by statute, it is "clearly legal." *United States v.*

*Pena*, 125 F.3d 285, 288 (5th Cir. 1997); *see* 18 U.S.C. § 3583(e)(3).  Richardson had an extensive history of violations of the conditions of probation and of his supervised release.   His 2004 conviction involved counterfeiting of a United States security.  Since then, he has numerous violations including theft by check and fraudulent use of identifying information.  Based on that history, a 24-month sentence was not plainly unreasonable.  We have "routinely upheld release revocation sentences in excess of the advisory range but within the statutory maximum." *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009) (quotation marks and citation omitted).  In *Whitelaw*, we affirmed a 36-month sentence when the policy range from the Guidelines was identical to Richardson's.  *Id.*

AFFIRMED.