# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 18-50660
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REGINALD CHRISTOPHER GILBERT,

Defendant-Appellant

————————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-16-3

————————————

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

In 2011, Reginald Christopher Gilbert pleaded guilty to conspiracy to possess with intent to distribute and to distribute 28 grams or more of cocaine base and a substance containing a detectable amount of marijuana, aiding and abetting the distribution of 28 grams or more of cocaine base; and attempting to distribute 28 grams or more of cocaine base. He was sentenced to 60 months of imprisonment on each count, to be served concurrently, and five years of

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release on each count, to be served concurrently. After Gilbert began serving his supervised release term in 2014, his supervised release was revoked four times.

In 2018, Gilbert's supervised release was again revoked, and he was sentenced to the statutory maximum term of 36 months of imprisonment with no additional term of supervised release. Gilbert appeals the sentence, arguing that it is plainly unreasonable because the district court improperly considered the retributive factors in 18 U.S.C. § 3553(a)(2)(A). He also asserts that the sentence is greater than necessary to achieve the goals of § 3553(a).

Because Gilbert did not raise these arguments in the district court, review on appeal is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To prevail on plain error review, Gilbert must identify (1) a forfeited error (2) that is clear or obvious, and (3) that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court may, in its discretion, remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Reversible error regarding the improper consideration of the § 3553(a)(2)(A) factors is found only when a district court's "dominant" reason for imposition of a revocation sentence was a factor listed in § 3553(a)(2)(A), but not if the factor was a secondary concern or an additional reason for the sentence. *United States v. Rivera*, 784 F.3d 1012, 1016-17 (5th Cir. 2015). A review of the record indicates the district court did not improperly consider the § 3553(a)(2)(A) factors when imposing Gilbert's revocation sentence. Although the court stated that it did not believe Gilbert would comply with supervised release conditions and that the court should move on and use its resources to help other people, the court did not improperly refer to any of the

impermissible factors in § 3553(a)(2)(A), such as the need to consider the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  The district court considered permissible factors, including Gilbert's history of repeated supervised release violations that resulted in four prior revocations and did not expressly consider any of the impermissible factors.  *See United States v. Sanchez*, 900 F.3d 678, 684-85 (5th Cir. 2018).  Because there is nothing specific in the record "to plausibly suggest that the district court based its sentence on the need for retribution," Gilbert has not shown the district court's imposition of the sentence constituted plain error.  *Id.* at 685; *see Puckett*, 556 U.S. at 135.

Further, Gilbert has not shown that the sentence was greater than necessary to achieve the § 3553(a) goals.  The sentence did not exceed the 36-month statutory maximum sentence, and this court has repeatedly affirmed revocation sentences that exceed the policy statement range but do not exceed the statutory maximum sentence.  *See Whitelaw*, 580 F.3d at 265; *United States v. Richardson*, 455 F. App'x 410, 411 (5th Cir. 2011).  Gilbert has not shown that the district court's imposition of the sentence constituted plain error.  *See Whitelaw*, 580 F.3d at 265; *Richardson*, 455 F. App'x at 411.

AFFIRMED.